**U**NITED **S**TATES **D**ISTRICT **C**OURT
**M**IDDLE **D**ISTRICT **O**F **F**LORIDA
**O**RLANDO **D**IVISION

**MULTIGROUP OF COMPANIES LLC,**

    **Plaintiff,**

**v.**                                                                               **Case No:   6:14-cv-36-Orl-31KRS**

**LAKE BUENA VISTA RESORT**
**VILLAGE AND SPA and EB-5**
**MANAGEMENT,**

    **Defendants.**

## **O**RDER

This matter comes before the Court on the Motion to Dismiss (Doc. 23) filed by Defendant EB-5 Management and the response in opposition (Doc. 29) filed by the Plaintiff.   According to the allegations of the Amended Complaint (17), which are accepted in pertinent part as true for purposes of resolving the instant motion, the Defendants hired the Plaintiff to help them obtain a Targeted Employment Area (henceforth, "TEA") designation in connection with the EB-5 visa program.   Simply stated, the EB-5 visa program permits foreign investors to obtain green cards if they invest certain sums of money in the United States.   In the absence of the TEA designation, a $1 million investment is required; with the designation, the minimum investment to qualify for the visa drops to $500,000.

The Plaintiff alleges that it agreed to procure the TEA designation in exchange for $25,000 upon issuance of the TEA designation plus $5,000 for each "I-526 investor" approved by USCIS. (Doc. 17 at 5).   The Plaintiff complains that it obtained the TEA designation but the Defendants have refused to pay.   The Plaintiff has sued for breach of contract, unjust enrichment, and quantum meruit.

The Plaintiff contends that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, which requires, *inter alia*, that the amount in controversy exceed $75,000. The Defendants argue that, even accepting the Plaintiff's allegations as true, there has been no showing that the amount in controversy exceeds $75,000: The Plaintiff has alleged that the Defendants failed to pay the $25,000 fee, but there is no allegation that any "I-526 investors" have been approved by the USCIS, much less the ten such investors required to push the total amount in controversy to $75,000.

In its response, the Plaintiff argues that the amount in controversy exceeds $75,000 because in addition to the $25,000 fee, it has also alleged entitlement to (1) the $500,000 reduced minimum investment resulting from obtaining the TEA designation plus (2) reimbursement (in an unspecified amount) for the "time, money, and effort" expended by the Plaintiff in performing its side of the agreement.

The Plaintiff is incorrect. The $500,000 did not flow out of the Plaintiff's pocket or into the Defendants' and is simply not at issue in this case. And there is nothing in the pleadings (or, for that matter, in Plaintiff's response to this motion) suggesting that it expended $50,000 worth of anything in the process of earning its $25,000 fee. In other words, even accepting Plaintiff's allegations as true, this is not a $75,000 dispute. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc.23) is **GRANTED**, and this case is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 9, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE